BARFIELD, Chief Judge.
We AFFIRM the trial court’s finding that no attorney-client relation privilege exists as to the documents and communications between the appellant, attorney Edwin Blanton, and the private investigator hired by Blanton to investigate an employee of the Department of Insurance, because no attorney-client relationship existed between appellant and Blan-ton with respect to this investigation, rather, Blanton was a “conduit” for the appellant. We AFFIRM the trial court’s finding that no work-product doctrine or private investigator privilege was established for the documents created by Blan-ton, his investigator, the appellant, and the appellant’s general counsel. We also AFFIRM the trial court’s finding that an attorney-client relationship exists between the appellant and attorney Cheryl Gentry, so that the work-product privilege attaches to the letter written to Gentry by a polygraph examiner.
However, we' REVERSE the trial court’s finding that an attorney-client priv *730 ilege attaches to communications between the appellant and George K. Delano with respect to the investigation of the Department’s employee. The evidence demonstrates that Delano serves as the appellant’s secretary and general counsel, but the appellant presented only argument, and no evidence, that he undertook the investigation of the Department’s employee in his professional capacity as general counsel, or that he undertook the investigation in anticipation of litigation in which the appellant would be a party. We also REVERSE the trial court’s finding that the letter written by Delano to Blanton on July 10, 1996, which refers to Gentry’s representation of the appellant, is privileged.
The case is REMANDED to the trial court for entry of a final order which is in accordance with this opinion, and which releases to the Department everything currently under seal, with the exception of the letter 'to Gentry from the polygraph examiner.
LAWRENCE and BROWNING, JJ., CONCUR.