1550 BRICKELL ASSOCIATES, Plaintiff,

v.

Q.B.E. INSURANCE COMPANY, Defendant.

No. 07–22283–CIV–LENARD/GARBER.

United States District Court, S.D. Florida.

Oct. 20, 2008.

Alvin Bruce Davis, Tania Cruz, Squire Sanders & Dempsey LLP, Miami, FL, for Plaintiff.

Constantine Georgalis Nickas, William Frederick Fink, Wicker Smith O'Hara McCoy, Miami, FL, Melissa M. Sims, Sorraya Solages, Berk, Merchant & Sims, PLC, Coral Gables, FL, William S. Berk, Berk Merchant & Sims PLC, Coral Gables, FL, Amy Millan, Demartino, Wicker Smith O'Hara McCoy Graham & Ford, West Palm Beach, FL, for Defendant.

## *ORDER*

BARRY L. GARBER, United States Magistrate Judge.

THIS ORDER resolves a continuing discovery dispute between QBE Insurance and 1550 Brickell Associates. The question at issue is whether QBE has correctly claimed work-product immunity or attorney-client privilege for the documents in its privilege log.

*Work Product*

The concept of work-product immunity arises from Federal Rule of Civil Procedure 26(b)(3), which limits the discovery of documents prepared in anticipation of litigation. By its terms, the rule does not protect documents prepared in the ordinary course of business. Regrettably, in the insurance context, the boundary between these two classes of documents is not always clear because an insurance company investigates claims in the ordinary course of its business.

The Southern District of Illinois court in *Harper v. Auto–Owners Ins. Co.*[1] created a framework for determining where this boundary lies. The court held that a rebuttable presumption exists that all documents prepared before an insurer denies a claim are not work-product, and all those prepared after a claim is denied are. Of course, as these are just presumptions, an insurer can submit specific evidence to convince a court that certain documents were prepared in anticipation of litigation regardless of their date

---

1. 138 F.R.D. 655 (S.D.Ind.1991).

of creation. This Court, like other courts in this district,[2] finds the reasoning in *Harper* convincing.

■ QBE insurance company has not denied 1550 Brickell's claim; thus, under *Harper's* approach the presumption is that none of the documents QBE prepared prior to the date 1550 Brickell filed suit are protected by work-product immunity. To rebut the presumption, QBE files the affidavit of Andrew Bertucci.[3] Mr. Bertucci states that "it was apparent litigation was possible" the day after Hurricane Wilma struck because he believed the damages 1550 Brickell claimed were excessive. This is not enough.

The Court's conclusion is in line with the *Milinazzo* decision. In *Milinazzo,* the insurer submitted a letter from the plaintiff expressly threatening a lawsuit. The court, however, found that the letter was not enough to rebut the *Harper* presumption because five months passed before the claim was denied.[4] The court reasoned that the five-month period indicated that there had been an ongoing conversation between the parties before the insurer denied the claim. Here, we have a similar situation. Even if QBE could have immediately anticipated litigation, the lengthy time between that point and the date 1550 Brickell filed suit, undercuts any argument that documents were prepared in anticipation of litigation. Accordingly, this Court finds that no document prepared prior to August 31, 2007 is entitled to work-product immunity.

*Attorney Client*

■ Attorney-client privilege is governed by state law in diversity actions. Under Florida statute § 90.502, the attorney-client privilege exists when a client consults "a lawyer with the purpose of obtaining legal services" or with a lawyer who is rendering legal services. But, because corporate claims of attorney-client privilege are treated with more suspicion, the Florida Supreme Court

in *Southern Bell Tel. & Tel. Co. v. Deason,* held that to assert attorney-client privilege a corporation must demonstrate: (1) the communication would not have been made but for the contemplation of legal services; (2) the employee making the communication did so at the direction of his or her corporate superior; (3) the superior made the request of the employee as part of the corporation's efforts to secure legal advice or services; (4) the content of the communication relates to the legal services being rendered, and the subject matter of the communication is within the scope of the employee's duties; (5) the communication is not disseminated beyond those persons who, because of the corporate structure, need to know its contents.[5]

■ The first factor is at issue here. And once again, an insurance company's nature complicates matters. The Florida Court of Appeals in *Bankers Insurance Company,* held that communications with an attorney, who was hired as an investigator for an insurance company, were not privileged because the attorney functioned as a mere "conduit."[6] The *Milinazzo* court read the *Bankers* and *Southern Bell* decisions to mean together that "[i]n an insurance context, the attorney-client privilege only attaches when an attorney performs acts for an insurer in his professional capacity and in anticipation of litigation."[7] This is a natural and logical reading of the two cases.

■ The consequence of this holding, which the Court finds persuasive, is that in this instance, the resolving question for attorney-client privilege is at what point did QBE anticipated litigation. QBE's adjuster Sandy Siegel testified in her deposition that attorney Sims was initially retained to "assist ... in developing the investigation, securing examinations under oath and, you know, propound[ ] document requests and things of that nature."[8] Ms. Sims initially acted as a

2. See, e.g., *Milinazzo v. State Farm Ins. Co.,* 247 F.R.D. 691, 701 (S.D.Fla.2007).

3. [DE 119]

4. *Milinazzo,* 247 F.R.D. at 700.

5. 632 So.2d 1377, 1383 (Fla.1994).

6. 755 So.2d 729 (Fla.Dist.Ct.App.2000).

7. *Milinazzo,* 247 F.R.D., at 697.

8. Deposition of Sandy Siegel cited in [DE 114, n. 4].

conduit, to use the language of past courts, and QBE has not convincingly argued that her position changed before 1550 Brickell filed suit. Accordingly, the Court finds that no document created prior to August 31, 2007 is covered by attorney-client privilege.

The Court finds that based on its privilege log, QBE has appropriately asserted attorney-client privilege for the documents created after August 31, 2007. The privilege log also adequately asserts attorney-client privilege for the two undated documents.

For these reasons, the Court hereby

ORDERS that QBE has until 5:00 p.m. October 27th, 2008 in which to produce all documents in their privilege log that were prepared before August 31, 2007.